IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**KIAUNCE HOLIDAY**                                                                                **PLAINTIFF**

**V.**                                       **CASE NO. 5:20-CV-05040**

**JON BECKHAM, Karas Medical,**
**Washington County Detention Center**                                        **DEFENDANT**

### OPINION AND ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Plaintiff was incarcerated in the Washington County Detention Center when he filed this case. Plaintiff is no longer incarcerated.

On August 26, 2020, the Defendant filed a Motion for Summary Judgment (Doc. 17). That same day, an Order (Doc. 20) was entered directing Plaintiff to file a response to the Motion for Summary Judgment by September 16, 2020. Plaintiff was advised that failure to respond to the Order would subject the case to dismissal. Plaintiff did not file a summary judgment response.

On September 21, 2020, a Show Cause Order (Doc. 21) was entered. Plaintiff was given until October 13, 2020, to show cause why the case should not be dismissed based on his failure to submit a summary judgment response. Plaintiff was advised that failure to respond to the Show Cause Order would subject the case to dismissal. Plaintiff did not respond to the Show Cause Order.

To date, Plaintiff has not filed a response to the Motion for Summary Judgment or to the Show Cause Order. He has not requested an extension of time to file his responses. No mail has been returned as undeliverable. Plaintiff has failed to comply

1

with the Court's Orders (Docs. 20 & 21).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

Therefore, pursuant to Rule 41(b), Plaintiff's Complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).

**IT IS SO ORDERED** on this 21st day of October, 2020.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE